IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL -6 PM 4: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

YVONNE BLACKMOND,                  )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        No. 02-2890 Ma/V
                                   )
UT MEDICAL GROUP, INC.,            )
                                   )
        Defendant.                 )

---

ORDER ALLOWING COUNSEL TO WITHDRAW

---

Before the Court is a "Motion to Withdraw as Counsel for Plaintiff," filed by Maureen T. Holland ("Holland"), attorney for Plaintiff, on June 16, 2005. Plaintiff Yvonne Blackmond ("Blackmond") mailed a letter to the court objecting to Holland's motion to withdraw as Blackmond's counsel on June 17, 2005. Defendant UT Medical Group, Inc., does not object to the motion to withdraw. (Mot. at 3.)

Holland states that she and her client have "different perspectives ... on the objectives and actions to be taken in this case, and [Blackmond's] insistence on those actions and/or objectives makes termination of the representation proper under [Tennessee Rule of Professional Conduct] 1.16." (Mot. at 2.) Under Tennessee Rule of Professional Conduct 1.16 a lawyer may withdraw from the representation of a client if a client "insists upon

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  7-7-05

153

pursuing an objective or taking action that the lawyer considers repugnant or imprudent." Tenn. R. Prof. Conduct 1.16(b)(3); see also State v. Reid, No. M2003-00539-CCA-R3-DD, 2005 WL 1315689, at *35 (Tenn. Crim. App. June 3, 2005). Consequently, Blackmond's "insistence on ... actions" that are not consistent with Holland's "perspectives" on this case constitutes good cause for Holland's withdrawal as Blackmond's counsel under Rule 1.16.

Further, counsel may "withdraw from the representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client." Tenn. R. Prof. Conduct 1.16(b). Blackmond originally filed this case pro se. Since filing the Complaint, she has filed two requests for appointment of counsel. The court denied both requests, in part because the case is not overly complex. See November 26, 2002, Order; April 11, 2003, Order. Thus, this is a case that Blackmond is capable of taking to trial without the assistance of counsel.

Blackmond, in her letter to the court, argues that she would be prejudiced by Holland's withdrawal because trial is set for August 29, 2005. Consequently, to give Blackmond adequate time to prepare for trial or to find new counsel, the court will reset the trial date at a status conference to be held on Wednesday, July 20, 2005, at 1:30 p.m.

For the foregoing reasons, Plaintiff's Counsel's motion to withdraw is GRANTED.

So ordered this ___5th___ day of July 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 153 in case 2:02-CV-02890 was distributed by fax, mail, or direct printing on July 7, 2005 to the parties listed.

---

Whitney Fogerty
LEWIS FISHER HENDERSON CLAXTON & MULROY
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Frederick J. Lewis
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Yvonne S. Blackmond
2566 Vintage Dr # 201
Cordova, TN 38018

Maureen T. Holland
HOLLAND & ASSOCIATES, PLLC
1429 Madison Avenue
Memphis, TN 38104

Thomas L. Henderson
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Honorable Samuel Mays
US DISTRICT COURT