IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| YVONNE S. BLACKMOND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 02-2890 Ma/V |
| UT MEDICAL GROUP, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S PAUPERIS STATUS**
_____

Before the court is Defendant UT Medical Group, Inc.'s ("UTMG") "Motion to Revoke Plaintiff Yvonne S. Blackmond's Pauperis Status," filed on May 3, 2006. Plaintiff Yvonne S. Blackmond ("Blackmond") filed a response on May 9, 2006. For the following reasons, UTMG's motion is GRANTED.

On November 20, 2002, Blackmond filed a pro se complaint, alleging that UTMG had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. With her complaint, Blackmond filed an application to proceed in forma pauperis. The court granted the motion to proceed in forma pauperis on November 26, 2002. The matter proceeded to trial on February 27, 2006, and on March 3, 2006, the jury returned a verdict in favor of UTMG. UTMG has filed a motion to tax costs. It also seeks to have

1

Blackmond's pauperis status revoked, alleging that, since November 2002, Blackmond has found employment and her income has increased significantly.

Under 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit...without prepayment of fees or security therefor, by a person who submits an affidavit...that the person is unable to pay such fees or give security therefor." The ability to proceed in forma pauperis is a privilege, not a right. <u>Weaver v. Toombs</u>, 948 F.2d 1004, 1008 (6th Cir. 1991). Therefore, "courts may always review an award or denial of pauperis status subsequent to a ruling thereon to determine whether to revoke or grant pauperis status under changed circumstances." <u>Bey v. Allen</u>, 779 F.2d 49 (tbl.), 1985 WL 13855, at *1 (6th Cir. Oct. 1, 1985).

A party's pauperis status does not, however, prevent a court from assessing costs against that party at the conclusion of the suit. 28 U.S.C. § 1915(f)(1); <u>Sales v. Marshall</u>, 873 F. 2d 115, 120 (6th Cir. 1989). Because the court can tax costs against an in forma pauperis plaintiff, the relevant determination for the court in ruling on UTMG's motion to revoke Blackmond's pauperis status is not whether Blackmond is able to pay the $6,597.74 requested by UTMG in its motion to tax costs, but whether she is able to pay the fees assessed by the district court for filing and prosecuting a civil case. In 2005, Blackmond grossed $37,858.31 as an employee of MCI Network Services. (Def.'s Mot.

Ex. B 2.) In February 2006, Blackmond's net biweekly earnings were $999.19. (Id. Ex. A 2-3.) Blackmond does not assert that her income has changed since February. Given Blackmond's current earnings, the court finds that she would be able to pay the fees assessed by the court in a civil case. Because the purpose of § 1915 is not furthered by continuing to allow Blackmond to proceed in forma pauperis, her pauperis status is revoked.[1]

UTMG's Motion to Tax Costs is currently before the Clerk of Court. This order does not address the issues raised in UTMG's Motion to Revoke Plaintiff's Pauperis Status as to Blackmond's request to file a surreply or UTMG's request that its Motion to Tax Costs be granted.

Defendant UT Medical Group, Inc.'s Motion to Revoke Plaintiff's Pauperis Status is GRANTED.

So ordered this 24th day of May 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court makes no determination at this time about whether Blackmond is retroactively responsible for any court fees that were waived because she was proceeding in forma pauperis.